# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LANCE MCDERMOTT,
            Appellant,

                            v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
SF-0752-13-0633-B-1

DATE: January 19, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lance McDermott</u>, Seattle, Washington, pro se.

<u>Steven B. Schwartzman</u>, Esquire, Seattle, Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1        The appellant has filed a petition for review of the remand initial decision, which affirmed his placement on enforced leave. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant filed the instant appeal, challenging his May 2013 placement on enforced leave from his Maintenance Mechanic position. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Initial Appeal File (IAF), Tab 2. In short, the agency proposed that action because the appellant's position required the ability to distinguish colors and the agency was "unable to determine that [he could] work safely due to [his] color blindness and repeated attempt[s] to engage [him had] been unsuccessful." IAF, Tab 21 at 20-21. After holding the requested hearing, the administrative judge modified the start date of the enforced leave to account for the proper amount of advance notice, but otherwise affirmed the action. IAF, Tab 52, Initial Decision.

¶3    The appellant filed a petition for review of the initial decision. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Petition for Review (PFR) File, Tab 1. The Board granted the petition, vacated the initial decision, and remanded the case for further adjudication. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Remand Order (RO) (Oct. 13, 2015).

¶4    In the remand order, the Board found that the administrative judge failed to address the appellant's affirmative defense of reprisal for engaging in protected union activity. RO, ¶¶ 11-14. The Board also found that the administrative judge should reconsider the appellant's affirmative defense of equal employment opportunity (EEO) reprisal under the clarified standard provided in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015). RO, ¶¶ 15-17. The Board otherwise agreed with the administrative judge's findings. Accordingly, the Board instructed the administrative judge to further develop and address (1) the appellant's affirmative defense of reprisal for engaging in protected union activity, and (2) his EEO reprisal affirmative defense. RO, ¶ 34. The Board explained that if the appellant did not prevail on either of those affirmative defenses, the administrative judge could adopt her prior findings concerning the

charge, nexus, penalty, and other affirmative defenses in her remand initial decision. *Id.*

¶5    On remand, the administrative judge developed the record and held another hearing. *E.g.*, *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-B-1, Remand File (RF), Tabs 34-35.  She then issued a remand initial decision, denying the two affirmative defenses identified in the Board's remand order and adopting all other findings from her initial decision.  RF, Tab 36, Remand Initial Decision (RID).  As explained within, that decision was set to become final on March 18, 2016, unless the appellant filed a petition for review by that date.  RID at 18.  On March 16, 2017, the appellant filed a petition for review.  *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-B-1, Remand Petition for Review (RPFR) File, Tabs 1-3.  The agency has filed a response, noting that the appellant's petition was untimely by nearly a year.  RPFR File, Tab 5.  The appellant has replied and filed a motion to waive his untimeliness.  RPFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the appellant has not alleged or established that he received the remand initial decision more than 5 days after its issuance.  *Compare* RF, Tab 37 (demonstrating that the remand initial decision was transmitted to the appellant electronically on February 12, 2016), *with* 5 C.F.R. § 1201.14(m)(2) (recognizing that MSPB documents served electronically on registered e-filers are deemed received on the date of electronic submission).  Thus, we find that the appellant's petition for review was untimely filed by nearly a year.

¶7        The Board will excuse the late filing of a petition for review on a showing of good cause for the delay.  5 C.F.R. § 1201.114(g).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8        On review, the appellant attributes his untimeliness to "the [a]gency's substantial fraud and dishonesty," which he claims he only recently discovered.  RPFR File, Tab 7 at 4-10.  It appears that this alleged fraud concerns an EEO complaint he filed and his election of remedies.  *Id*. at 9.  We find the appellant's arguments, which generally amount to regret that he challenged his enforced leave before the Board, unavailing.  Although he is pro se, the appellant's untimeliness of nearly a year is significant and his explanation for that delay is not persuasive.  *See, e.g.*, *Zamot v. U.S. Postal Service*, 91 M.S.P.R. 475, ¶¶ 6-7 (2002) (dismissing a pro se appellant's petition as untimely by nearly a year without good cause when he attributed the delay to his waiting for a decision by the Equal Employment Opportunity Commission), *aff'd*, 332 F.3d 1374 (Fed. Cir. 2003); *Oliveras v. U.S. Postal Service*, 64 M.S.P.R. 74, 76 (1994) (dismissing a pro se appellant's petition for review as untimely by nearly a year without good cause when he alleged that the delay was caused by the agency withholding pertinent documents).

¶9        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The remand initial decision remains the final decision of the Board regarding the appellant's enforced leave.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.